## SARAH J. STAPLES *vs.* L. TAYLOR DICKSON.

### Hancock.   Opinion January 23, 1896.

*Way.   Nuisance.   Negligence.   Practice.*

The creator of a common nuisance is liable in damages for special injury. His grantee is only liable after request to abate it.

Where the owner of premises adjoining a street built a water box within the limits of the street opposite his land for the purpose of controlling the water, from the main pipe in the street, used upon his premises, *held*; that if the box was rightfully there, it was not a nuisance per se; and that it would only become so from faulty construction or condition so as to obstruct, endanger or interfere with the public use of the street.

Whether the form, location and construction of the box was such an obstruction as to become a common nuisance would depend upon the exigencies of travel in the street. Each case would depend upon its peculiar circumstances.

Subsequently the defendant purchased the premises and made a new connection with the main water pipe in the street by constructing a new water box within his own grounds, and never made any use of the old water box, except to shut off the water in it at the time of making such new connection. At that time, and for some time after, the water box was protected with a wooden cover, but afterwards, and about a year prior to the accident sued for in this action, the cover was removed, but not by the defendant, and the box remained uncovered. No change or alteration in the old water box was made by the defendant after his purchase of the premises, nor was he requested to cover, fill, or do anything about it. *Held;* that the peculiar danger thus arising from the old water box was not the defendant's act, and he cannot be held responsible for injuries to the plaintiff who stepped into it and was hurt, while passing along the street.

When parties submit a case to the law court upon an agreed statement of facts, without a report of the pleadings, and place the case in their arguments upon the ground of nuisance, it will be considered upon that ground and none other.

AGREED STATEMENT.

The parties agreed to the following statement of facts :

The defendant, L. Taylor Dickson, of Philadelphia, in the spring of 1892 purchased the Suminsby Place, so-called, in Bar Harbor, Maine, consisting of a house and lot bordering upon and bounded by Eden street, a public highway.

At the time of his purchase, a fence existed upon his property on or near the line of the street.   Since his purchase the fence

has been removed and a stone wall built following the same line. A little outside the fence, between it and the sidewalk and entirely within the limits of that portion of the street which crosses the defendant's property, a water box had been constructed before his purchase by his predecessor in title. This water box is a hole in the ground boxed up with seven-eighths inch boards so as to leave an opening five and one-fourth by seven and one-half inches, the longer dimension being at right angles with the sidewalk. The top of the box is one and one-half inches above and sets into the edge of the sidewalk one and one-half inches.

It was constructed by Suminsby, the defendant's grantor, and used by him for the purpose of shutting off and turning on the water leading to his grounds.

Soon after the defendant purchased the property, he made a new connection with the main water pipe in the street, constructed a new water box within his grounds, and has never made any use of the old water box in the street, except that some person at work upon the improvements made by him shut off the water in the old water box when the new connection was made.

At that time and for some time after the water box was covered with a wooden cover, but afterwards, and about a year prior to the accident sued for, the cover was removed and the box remained uncovered up to the time of the accident. It was not claimed that the cover was removed by the defendant or any person employed by him.

No change or alteration in the water box was made by the defendant after his purchase of the property. Neither the defendant nor any agent or servant of his was ever requested to cover, or fill, or do anything about or concerning it.

The defendant resides in Philadelphia and spends only a few months in the year at Bar Harbor. He has not personally occupied the house, nor has it been used except that during the summer of 1894 it was occupied by a tenant of the defendant. It was not occupied at the time of the accident.

During his absence from the autumn of 1893 to the autumn of

1894, Dickson gave P. W. Blanchfield authority to look out for his house and grounds. Blanchfield lives near the Dickson property, on the same street, and had passed the water box occasionally previous to the accident but had no knowledge of its existence.

Blanchfield did not, as a matter of fact, take charge of any property outside the fence or wall, but the plaintiff claims that under the authority given him by the defendant, as above stated, he should have so taken charge of land within the road as a part of the defendant's grounds.

On the eighteenth day of October, A. D., 1894, at about 7.30 o'clock in the evening, the plaintiff was passing along the said sidewalk on her way from her house to the post office, for the purpose of mailing a letter. The night was very dark, and just before reaching the water box she saw a young man and woman approaching her in the opposite direction running arm in arm, and she stepped back to the inner edge of the sidewalk to let them pass and stepped into the water box, receiving the injuries complained of.

Plaintiff had previously passed the same place occasionally, but neither she, nor defendant, had any personal knowledge of the existence of the box.

The sidewalk opposite the box is four feet and six inches wide and nearly level. In case the action could be sustained upon the facts above stated, the action was to be sent back to nisi prius for assessment of damages. If not, judgment to be entered for the defendant.

*E. S. Clark*, for plaintiff.

If a private citizen be guilty of a nuisance in making an excavation in a public highway, he will be responsible for injuries arising therefrom during its continuance. *Portland* v. *Richardson*, 54 Maine, 46 ; *Stratton* v. *Staples*, 59 Maine, 94 ; *Drinkwater* v. *Jordan*, 46 Maine, 433 ; *Readman* v. *Conway*, 126 Mass. 374.

The defendant was guilty of a nuisance in allowing this water box to remain uncovered during the year previous to the accident, as he was the owner of the soil to the center of the road.

The defendant in this case did render the highway dangerous, or less useful to the public than it ordinarily was, by allowing the water box owned by him to remain uncovered one year previous to the accident.

It is no defense that the obstruction is not in the traveled part of the way; the public have a right to use the entire width of the highway; so where a person fell into a post hole in the extreme limit of the highway, the defendant was held liable, the court holding that a person has the right to go on any part of the road. *Harrower* v. *Ritson*, 37 Barb. (N. Y.) 303; *Rex* v. *Russell*, 6 East, 421; *Dickey* v. *Telegraph Company*, 46 Maine, 483; *Wright* v. *Saunders*, 65 Barb. 214; *Davis* v. *Mayor*, 14 N. Y. 506.

It certainly is just that persons who, without special authority, make or continue a covered excavation in a public street or highway, for a private purpose, should be responsible for all injuries to individuals resulting from the street or highway being thereby less safe for its appropriate use, there being no negligence by the parties injured. *Congreve* v. *Morgan*, 18 N. Y. 79.

A man is liable for an obstruction in a highway whereby a traveler receives an injury, although he did not himself place it there. *Stoughton* v. *Porter*, 13 Allen, 192; 3 Bl. Com. 221; *Com.* v. *Wilkinson*, 16 Pick. 175; *Staple* v. *Spring*, 10 Mass. 72. One who maintains a coal-scuttle insures the public from any harm though he did not make it. *Irving* v. *Tower*, 5 Roberts, N. Y. 482. It is not necessary that the defendant should have actual notice of the existence of this nuisance. If he continue it, and one receive damage that is sufficient. *Staple* v. *Spring*, 10 Mass. 72 and 74; *Talbot* v. *Whipple*, 7 Gray, 122.

*L. B. Deasy*, for defendant.

SITTING: PETERS, C. J., FOSTER, HASKELL, WHITEHOUSE, WISWELL, STROUT, JJ.

HASKELL, J. The owner of a fee, adjoining a street, constructed a water box within the limits of the street opposite his

land for the purpose of controlling the water from the main pipe in the street, used upon the premises. If rightfully there, the box was not a nuisance per se, but only became so from faulty construction or condition so as to obstruct, endanger or interfere with the public use of the street. That it was illegally placed there does not appear, and, therefore, it may be presumed to have been lawfully there. The aperture was five and one-fourth inches by seven inches in size and covered by a wooden cover. The top of the box was about one and one-half inches above the sidewalk and about the same distance within the outer edge of the same. Whether the form, location and construction of the box was such an obstruction to the public use of the street as to become a common nuisance would depend upon the exigencies of travel in the street. In a crowded street it might be. In a street where there was little passing it might not be. All would depend upon the peculiar circumstances of the case. The court cannot say from the agreed statement, that shows none of the exigencies of the public use of the street, that the box per se became a common nuisance when placed in the street, and only one and one-half inches within the traveled portion of the same. If, then, it were not a common nuisance when constructed, it did not become so, until after its condition changed ; and before this happened the defendant had purchased the estate to which the box was incident, and shortly afterwards disused the same by shutting off the water and making connections elsewhere. He then abandonded the box in the condition that it had been constructed. It was neither constructed a nuisance, nor became one while in his use. He, therefore, for these reasons, is not liable in this case.

But, in order to save further contention, it may be profitable to consider the matter as if the box had originally been constructed a common nuisance. In that case, liability attached to the person who placed it there in favor of any individual who was injured thereby. Not so with the purchaser of it. He became only liable to an individual after request to remove it. *Pillsbury* v. *Moore*, 44 Maine, 154; *Holmes* v. *Corthell*, 80 Maine, 31. No request of any kind is shown in this case. It

should be noticed that this doctrine applies only while the box remained in its original condition. If the defendant had continued to maintain the box, but changed its elements of danger,— as if he had removed the cover and left the aperture open,—then the particular danger of it would have been of his own creation, and liability would doubtless have attached to him as the creator of it. This, however, he did not do. He abandoned the box as originally constructed, and it became uncovered, not by him or by any one of his servants or agents. The peculiar danger was not of his creation, and for it he cannot be held responsible.

The pleadings are not reported, but only a statement of facts, upon which it is agreed that the case shall be decided. Both parties have placed the case upon the ground of nuisance in their arguments, and it is therefore considered upon that ground and none other.

*Judgment for defendant.*